(15 Misc. Rep. 476.)

## SOUTHMAYD v. JACKSON et al.

(City Court of New York, General Term.    January 28, 1896.)

1. PARTIES—JOINDER—JOINT OR SEVERAL LIABILITIES.
    Where a contract of suretyship for payment of rent recites that each of the two tenants is to pay half the rent, and that each of the two sureties is to be liable for only one tenant's portion of the rent, an action cannot be maintained against the sureties jointly, as Code Civ. Proc. § 454, permits joinder of several defendants only when they are liable under the same instrument for the same demand.

2. DISMISSAL OF COMPLAINT—OBJECTION FIRST APPEARING ON TRIAL.
    A motion to dismiss a complaint is proper where it appears for the first time on the trial that different causes of action are embraced in the complaint.

Appeal from trial term.

Action by Charles F. Southmayd against Charles A. Jackson and James D. Campbell.    There was a judgment in favor of plaintiff, and defendants appeal.    Reversed.

Argued before FITZSIMONS and CONLAN, JJ.

A. P. & W. Man, for appellant Jackson.
James Armstrong, for appellant Campbell.
A. D. Pape, for respondent.

FITZSIMONS, J. The plaintiff leased certain premises to Charles S. Campbell and Charles I. Jackson, sons of the appellants, and they defaulted in the payment of the rent fixed by the lease, to the extent of $506.66 and interest. The defendants were sureties for the payment of the rent, but under their contract, as we interpret it, they are severally liable for one-half of the whole indebtedness, and not jointly for the whole thereof. Their said contract is as follows:

"The above office being rented at the request of Charles A. Jackson and James D. Campbell, as sureties, they agree that the tenants shall pay the rent and perform the agreement on their part above written, without requiring any notice of default from the said landlord; that is to say, the tenants being sons of the sureties, and each tenant is to pay one-half the rent, the sureties being themselves only for their sons' shares, respectively."

It therefore appears that the plaintiff and defendants, for the purpose of fixing the liability of each one of the defendants to plaintiff, agreed that each one of the tenants mentioned in the lease was liable for one-half of the rent therein mentioned; and to that extent, and for the shares of their respective sons, the defendants severally bound themselves to pay any rent unpaid. The plaintiff and the defendants, of course, had the right to fix the extent of the liability of the defendants, and limit the same. This was done in the surety clause under consideration, and, no matter what was the liability of the lessees, the defendants can only be held, under the contract they made, to the limit thereof, but no further. They plainly fixed the limit by saying that each defendant would pay one-half of the whole rent due. That is the plain intent and meaning of the contract with plaintiff.

The trial justice should have granted the motion made by the defendants' attorneys, severally, at the close of the case, to dismiss the complaint. The complaint herein was sufficient and definite, and therefore the defendants were not required to move to make the complaint more definite; and certainly they could not have demurred thereto, as suggested by respondent's attorney. Their objection was made at the trial, when, for the first time, they could properly object to the sufficiency of the plaintiff's cause of action, because there, for the first time, its infirmity and insufficiency appeared.

The complaint should have been dismissed, upon the defendants' motion, because different causes of action were embraced in the complaint. The objection also appeared for the first time when the surety clause in question was offered in evidence at the trial, and the defendants, as we have pointed out, were each liable for one-half of the rent. Each defendant was liable for a claim or demand, but not the same claim or demand; and each defendant was liable, as the surety clause runs, for his son's share, and it was therein agreed that such share would be one-half the sum due. Although the demand against each defendant would be for the same sum, and was based upon the same written instrument, yet we believe that the cause of action against each defendant was separate and distinct. Section 454 of the Code permits a plaintiff only to join as defendants in the same complaint several persons where they are liable under

the same instrument for the same demand, which is not the case, as we have endeavored to show.

For the reasons given the judgment must be reversed, and the complaint dismissed, with costs. This disposition is made because, under our rulings, it is not possible for the plaintiff to succeed upon a new trial. It would therefore be useless to order one.